UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LOCAL 355 UNITED SERV. WORKERS
UNION, INT'L UNION OF
JOURNEYMEN AND ALLIED TRADES,
UNITED WELFARE FUND – SECURITY
DIVISION AND THE TRUSTEES
THEREOF, UNITED WELFARE FUND –
WEFARE DIVISION AND THE
TRUSTEES THEREOF, LOCAL 355
JOINT APPRENTICESHIP TRAINING
FUND, USWU LABOR MGMT. CORP.
FUND,

Petitioners,

-against-

AIRTECH NYC-LI, INC. A/K/A AIR
TECH NYC-LI, INC. A/K/A AIR TECH
COOLING & HEATING, INC.,

Respondent.
------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
22 Civ. 5225 (ENV) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Petitioners Local 355 United Service Workers Union, International Union of

Journeymen and Allied Trades ("the Union"); United Welfare Fund, Security

Division; United Welfare Fund, Welfare Division; Local 355 Joint Apprenticeship

Training Fund; and USWU Labor Management Corporation Fund ("the Funds");

and the Trustees Thereof ("the Trustees") (collectively, "Petitioners") commenced

this action by petition (the "Petition") to confirm a labor arbitration award

("Award") against Airtech NYC-LI ("Respondent").  See ECF No. 1.  Before the Court is Petitioners' motion for a default judgment against Respondent.  See ECF No. 10.  The Court respectfully recommends that the Petition be granted and that a judgment be entered confirming the Award with interest against Respondent in favor of Petitioner except that, as to Petitioners' request for $600 in arbitration costs, it is respectfully recommended that the request be denied.

## I.    Background

The following facts are drawn from the petition.  See ECF No. 1.

The Union is a "labor organization" as defined by Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5) ("LMRA").  ECF No. 1 ¶ 3.  The Funds are "employee benefit plans" as defined by Section 3(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1), and they are organized pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  Id. ¶ 4.  Respondent is a New York corporation and an "employer" as defined under Section 2(2) of the LMRA, 29 U.S.C. § 152(2).  Id. ¶ 5.

At all relevant times, the Union was a party to a collective bargaining agreement ("CBA") and a subsequent assumption agreement with Respondent.  See id. ¶ 6.  Copies of the CBA and assumption agreement, along with the CBA's cover and signature pages and renewal agreement, are annexed to the Petition as Exhibit B, see ECF No. 1-2.  As relevant here, the CBA provides that Respondent

2

must pay monthly contributions to the Funds on behalf of certain employees, withhold monthly union membership dues, and remit the withheld membership dues to the Union.  See ECF No. 1-2 at 16-17, 18-20.  With respect to disputes "concerning the payment of fringe benefit contributions and union dues remittances" required under the CBA, any dispute "may be [] submitted by the relevant Fund and/or the Union" to arbitration before Arbitrator Aaron Shriftman. Id. at 13.  The CBA further provides that the costs of arbitration "shall be shared equally" by the parties.  Id. at 12.  The parties agreed that an arbitrator would "not have the power to amend, modify, or alter, or in any way, add to or subtract from [the CBA] or any provision thereof."  Id.

The CBA incorporates trust agreements between the parties; these agreements include delinquency procedures to which the parties agreed.  See ECF No. 1-2 at 19.  A copy of the delinquency procedures of the trust agreement is annexed to the Petition as Exhibit C, see ECF No. 1-3.  As relevant here, the delinquency procedures provide that, should Respondent fail to make contribution payments, the dispute may be submitted to arbitration following the sending of a demand letter.  See ECF No. 1-3 at 12-13.  The procedure states that, in the event of legal action against Respondent, "[r]easonable attorneys' fees" and "costs of collection" will be awarded to Petitioners, and that authority to determine a reasonable figure for attorneys' fees and costs of collection were delegated to

Petitioners' counsel. Id. at 15. The procedure does not define what is included within the costs of collection. The procedure also states that, under ERISA, Petitioners had the right to require Respondents to pay interest on delinquent payments. See id. at 2. Interest would accrue at a rate of 18% per annum, or 1.5% per month, until all delinquent payments were made. See id. at 5, 14.

The assumption agreement, in relevant part, states that Respondent is bound to the CBA and the trust agreements. See ECF No. 1-2 at 2.

Petitioners allege that a dispute arose after Respondent failed to make monthly contribution payments to the Funds and refused to remit withheld membership dues to the Union. See ECF No. 1 ¶ 13. Petitioners timely sent Respondent a demand for arbitration. See id. ¶ 15. A copy of the demand letter is annexed to the Petition as Exhibit D, ECF No. 1-4. Petitioners sent Respondent a notice that the arbitration proceeding had been scheduled. See ECF No. 1 ¶ 17. A copy of the hearing notice is annexed to the Petition as Exhibit E, see ECF No. 1-5. The notice stated that the total arbitrator's fee would be $600. See ECF No. 1-5 at 2.

The arbitration proceeding was held as scheduled before Arbitrator Shriftman. See ECF No. 1 ¶ 18. Respondent failed to appear or request an adjournment or extension of time to appear. See id. ¶ 19. The Arbitrator rendered the Award, finding that Respondent had violated the CBA by failing to comply

with its terms respecting contribution payments to the Funds and remittance of withheld membership dues.  See ECF No. 1-1 at 3-4 (pdf pagination).  The Arbitrator stated that, among other things, Petitioners submitted a spreadsheet detailing the amounts owed by Respondent.  See id. at 3 n.6.  A copy of the Award is annexed to the Petition as Exhibit A, see id.  As a remedy, the Arbitrator ordered Respondent to pay $13,479.36; liquidated damages in the amount of $1,703.99; and interest in the amount of $765.95 (calculated through the date of the Award), for a total of $15,949.30.  See ECF Nos. 1 ¶ 20-21, 1-1 at 3-5.  Per the parties' agreements, interest would continue to accrue at 1.5% per month "until all payments are received."  ECF No. 1-1 at 3.  The Arbitrator also awarded "costs and fees associated with the collection process."  Id.  The Arbitrator did not define what costs were associated with the collection process.  A copy of the Award was sent to Respondent.  See ECF No. 1 ¶ 23.

Petitioners commenced this action, alleging that Respondent had failed to comply with the Award, which has not been vacated or modified and is still in full force and effect.  See id. ¶ 24.  Petitioners seek a judgment confirming the Award, "together with interest thereon from the date of the Award," and granting Petitioners "their costs and disbursements."  Id. ¶ 27.  Petitioners claim that the Award also granted Petitioners $1,500 in attorneys' fees and $600 in costs.  See id. ¶ 22.  These amounts are not reflected in the text of the Award, which does not

provide a specific amount for either attorney's fees or costs.  See generally ECF No. 1-1.

Petitioners served copies of the summons and Petition on Respondent.  See ECF No. 6.  Respondent failed to answer or otherwise respond to the Petition. Petitioners requested, and the Clerk of Court entered, a certificate of default.  See ECF Nos. 8, 9.  Petitioners filed the instant motion, see ECF No. 10, to which they attached the following documents: 1) a memorandum in support of the motion, ECF No. 10-1; 2) a declaration in support of the motion, ECF No. 10-2; 3) a copy of the petition, ECF No. 10-3; 4) proof of service, ECF No. 10-4; 5) the certificate of default, ECF No. 10-5; 6) a receipt for service of process, ECF No. 10-6; 7) an itemized bill of costs, ECF No. 10-7; and 7) a proposed judgment, ECF No. 10-8. Petitioners requested $18,049.30, this being the $15,949.30 Award plus $1,500 in attorneys' fees and $600 in arbitration costs.  See ECF Nos. 10-2 ¶ 19, 10-8 at 2. In addition, Petitioners requested $472 in costs for the Petition, consisting of $402 for the filing of the Petition and $70 for service of process.  See ECF Nos. 10-2 ¶¶ 34-35, 10-8 at 2.  Petitioners' proposed judgment did not request prejudgment interest.  See ECF No. 10-8.

On August 22, 2023, the Court ordered Petitioners to provide a supplemental letter concerning the request for attorney's fees and costs, and whether Petitioners sought prejudgment interest.  See Dkt Entry 8/22/2023.  Petitioners filed a letter in

which they 1) acknowledged that the $1,500 in attorneys' fees for the arbitration

proceeding was not reflected in the Award; 2) withdrew their request for attorneys'

fees for the arbitration proceeding; 3) confirmed that Petitioners seek $600 in

arbitration costs, which is derived from the Arbitrator's $600 fee; 4) confirmed that

Petitioners are not seeking attorneys' fees associated with litigating the Petition in

federal court; and 5) requested that Petitioners be granted prejudgment interest at a

rate of 1.5% per month from the date of the Award through August 31, 2023.  See

ECF No. 14.  Petitioners attached a declaration from Petitioners' accountant, see

ECF No. 14-1, and a spreadsheet of interest calculations, see ECF No. 14-2, both

of which calculated the total interest from the date of the Award through August

31, 2023 to be $2,315.61.

## II.    Confirmation Of An Arbitration Award

### a.  Applicable Law

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with

jurisdiction over petitions brought to confirm labor arbitration awards."  Local 802,

Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88

(2d Cir. 1998).  The confirmation of an arbitration award generally "is a summary

proceeding that merely makes what is already a final arbitration award a judgment

of the court."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006)

(internal citation & quotation marks omitted).

Although the motion before the Court is characterized as one for a default judgment, the Second Circuit has held that "Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award," which "is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself." D.H. Blair, 462 F.3d at 107.  Rather, a motion for default judgment in the context of a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment," id., "in that regardless of whether the respondent appears, the court reviews the motion in the context of a record," N.Y.C. Dist. Council of Carpenters v. Am. Flooring Concepts Inc., No. 18 Civ. 2657 (AMD) (RLM), 2018 WL 4863651, at *2 (E.D.N.Y. Sept. 7, 2018) (citing D.H. Blair, 462 F.3d at 107-110), report & recommendation adopted, 2018 WL 4861387 (E.D.N.Y. Oct. 4, 2018).  Thus, similar to an unopposed summary judgment motions, an unopposed motion to confirm an arbitration award "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair, 462 F.3d at 110.

Although a summary judgment standard is applied to arbitration confirmation proceedings, "[a] federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential — indeed, among the most deferential in the law." A&A Maint. Enter., Inc. v. Ramnarain, 982 F.3d 864, 868 (2d Cir. 2020) (per curiam) (quoting N.Y.C. & Vicinity Dist. Council of the United

Brotherhood of Carpenters & Joiners of Am. v. Ass'n of Wall-Ceiling & Carpentry Indus., 826 F.3d 611, 618 (2d Cir. 2016)).  Judicial review of an arbitration award is "very limited" in keeping with the federal policy promoting "industrial stabilization through the collective bargaining agreement," with an emphasis on private resolution of labor disputes.  Nat'l Football League Mgmt. v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016) (internal citations & quotation marks omitted); see Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997).  "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed."  Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp., 196 F.3d 117, 124 (2d Cir. 1999); see Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. RNW Electric Corp., No. 22 Civ. 8232 (JPO), 2023 WL 3080776, at *2 (S.D.N.Y. Apr. 25, 2023) (confirming arbitration award finding violations of a collective bargaining agreement; the respondent failed to appear for the arbitration hearing; and there was "no evidence of a genuine dispute as to any material fact" before the district court); Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. P & J Wood Floors, Inc., No. 22 Civ. 9386 (GHW), 2023 WL 2186341, at *3 (S.D.N.Y. Feb. 23, 2023) (confirming arbitrator's award based on undisputed evidence where there was no indication that the award "was

procured through fraud or dishonesty" or that the arbitrator acted in disregard of the collective bargaining agreement).

A court is "not authorized to review the arbitrator's decision on the merits" even where there are "allegations that the decision rests on factual errors or misinterprets the parties' agreement." Nat'l Football League, 820 F.3d at 536. In this "limited review," the court determines simply whether the arbitrator acted "within the scope of his authority," which is "not only derived from but limited by, the collective-bargaining agreement." Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261, 950 F.2d 95, 98 (2d Cir. 1991) (internal quotation marks omitted). "The award need only 'draw its essence from the collective bargaining agreement,'" id. (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)), "and 'even a barely colorable justification for the outcome reached' will suffice," id. (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 704 (2d Cir. 1978)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Harry Hoffman Printing, 950 F.2d at 97 (internal quotation marks omitted); see A&A Maint. Enter., 982 F.3d at 868; New York City Dist. Council of Carpenters v. DVI, LLC, No. 17 Civ.

4923 (RRM) (VMS), 2019 WL 1102981, at *4 (E.D.N.Y. Jan. 7, 2019), report & recommendation adopted, 2019 WL 1099953 (E.D.N.Y. Mar. 1, 2019).

### b. Discussion

Petitioner initiated arbitration proceedings in order to resolve a dispute about Respondent's failure to make monthly contribution payments to the Funds and remit withheld membership dues.  See ECF No. 1 ¶ 13.  The basis for the Award is the CBA and associated documents, supra, Sec. I; ECF Nos. 1-2, 1-2.  The CBA provides that conflicts "concerning the payment of fringe benefit contributions and union dues remittances" were to be "submitted by the relevant Fund and/or the Union" to arbitration, and that any decision reached in arbitration would be "final and binding upon the parties."  ECF No. 1-2 at 12-13.  Although Respondent did not appear at the arbitration, the Arbitrator determined that Respondent was served with notice of the proceeding, which is reflected in the record.  See ECF Nos. 1-1 at 1 n.1, 1-5.

The Arbitrator entered a decision in favor of Petitioners and ordered Respondent to pay $15,949.30.  See ECF No. 1-1 at 3 (pdf pagination).  Respondent did not appear at the arbitration and did not contest the evidence submitted by Petitioners, which, according to the Arbitrator, included a spreadsheet

detailing the amounts owed by Respondent.[1]  See id. at 3 n.6.  The Arbitrator

explained that Respondent had violated the CBA by failing to complete the

payments to the Funds and remittance of withheld membership dues.  See id. at 3.

Although the Court has not been presented with all the materials upon which the

Arbitrator relied in reaching the Award amount, there is no reason in the record to

doubt the Arbitrator's interpretation of those materials.  See DVI, 2019 WL

1102981, at *4.  The record does not show fraud or dishonesty in the record or that

the Arbitrator exceeded the authority granted under the CBA in awarding

Petitioners the unpaid contributions and unremitted dues.  The Award falls within

the grant of authority to the Arbitrator under the CBA, which provided for binding

arbitration in disputes concerning contributions payments and remittance of

membership dues.  See ECF No. 1-2 at 12-13.

The Arbitrator concluded that Petitioner was owed $15,949.30, an amount

derived from Petitioner's spreadsheet that summarized unaudited information

contained in Respondent's remittance records.  See id. at 3 n.6.  The Court

---

[1] A spreadsheet of the amount of unpaid contributions and unremitted dues owed by Respondent is attached to the demand letter at ECF No. 1-4, but it does not appear that this is the same spreadsheet upon which the Arbitrator relied.  The Arbitrator states in the Award that the spreadsheet he relied upon detailed the amounts Respondents owed through May 31, 2022, see ECF No. 1-1 at 3 n.6, whereas the spreadsheet included in the demand letter detailed the amounts through owed March 31, 2022, see ECF No. 1-4 at 4 (pdf pagination).

therefore respectfully recommends that the Award of $15,949.30 be confirmed and that judgment be entered on that amount by the District Court.

## III.    Costs Of Arbitration

Petitioners request that the judgment include $600 in arbitration costs.  See ECF Nos. 1 ¶ 22, 10-2 ¶ 19, 10-8 at 2.  "An arbitrator's fee may be properly awarded in the judgment to confirm the award" where "(1) an arbitrator directs both parties to split the arbitrator fee pursuant to the CBA, (2) the arbitrator specifies the amount to be paid by each party in the award, (3) the employer fails to pay its share, and (4) the petition to confirm the award requests payment of the employer's unpaid share of the arbitrator's fee."  New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC, 335 F. Supp. 3d 349, 352 (E.D.N.Y. 2018) (collecting cases); see Trustees of UNITE HERE Nat. Health Fund v. New Age Intimates, Inc., No. 07 Civ. 2892 (RRM) (CLP), 2008 WL 3833841, at *7 (E.D.N.Y. Aug. 14, 2008) ("[C]ourts in this district have awarded arbitrator's fees when liability for such fees is specified in a collective bargaining agreement or [other] agreement.").

Courts have denied requests for arbitrator's fees where the CBA does not provide that a party may recover such fees.  See DVI, 2019 WL 1102981, at *5 (collecting cases); Allied Design, 335 F. Supp. 3d at 352 (declining to grant arbitrator's fees where the CBA stated that arbitration costs had to be split evenly

13

between the parties).  Alternatively, courts may look to whether the arbitration award "specifically directed reimbursement of the respondent's unpaid half of the arbitration fee to the petitioner."  Allied Design, 2018 WL 4378441, at *3.  A petitioner seeking arbitration costs must specify if it has "actually paid the actually paid the respondent's portion of the arbitrator's fee and [is] seeking reimbursement."  DVI, 2019 WL 1102981, at *5; see Am. Flooring Concepts, 2018 WL 4863651, at *4 (denying request for the arbitrator's fee because "petitioner has not alleged, let alone shown, that it has paid [the] portion of the fee" owed by respondent); Korean Trade Ins. v. Eat It Corp., No. 14 Civ. 3456 (MKB) (RLM), 2015 WL 1247053, at *5 (E.D.N.Y. Mar. 16, 2015) (declining to include arbitrator's costs in default judgment award, where "petitioner has not articulated why it should be able to recoup that portion of the costs that the arbitration panel directed [the respondent] to pay").  Absent a showing of having paid the respondent's portion of arbitration costs, the "petitioner has no standing to collect an outstanding debt owed by respondent to the arbitrator."  Am. Flooring Concepts, 2018 WL 4863651, at *4 (denying request petitioner's request for respondent's half of the arbitrator's fee).

In DVI, the court denied a request to include the respondent's half of the arbitrator's fee in the judgment for the petitioner after finding that the CBA did not support such a recovery.  See 2019 WL 1102981, at *5.  The CBA in DVI

14

specified that the costs of arbitration were to be split evenly by the petitioner and the respondent, and the court found that, unlike cases in which a petitioner sought reimbursement, the petitioner had not actually alleged that it had paid the respondent's half of the arbitrator's fee.  See id.  In addition, the arbitration award in DVI did not specifically direct reimbursement of the respondent's half of the fee.  See id. at 6.  Given that the respondent's half of the arbitration fee was not granted to the petitioner in the CBA or the award, and that the petitioner failed to state if it had paid the respondent's half and required reimbursement, the court did not include the respondent's half of the arbitrator's fee in the judgment.  See id. at 7.

Here, there is nothing in the CBA or the Award to indicate that Petitioner may recover the $600 in arbitration costs.  As in DVI, the CBA here states that the cost of arbitration "shall be shared equally" by the parties.  Compare ECF No. 1-2 at 12 (pdf pagination) with DVI, 2019 WL 1102981, at *5.  Petitioners claim that the $600 in arbitration costs was included within the Award.  See ECF No. 1 ¶ 22. The Arbitrator's total fee amounted to $600, see ECF No. 1-5 at 2, and Petitioners have confirmed in their supplemental letter that the Arbitrator's fee is the source of their arbitration costs request, see ECF No. 14.  The Award states that Petitioners are entitled to "costs and fees associated with the collection process," ECF No. 1-1 at 3, but it does not direct that Petitioners be reimbursed for the arbitrator's fee or

15

state that Petitioner was entitled to $600, see Allied Design, 2018 WL 4378441, at

*3. Although it is possible that Petitioners paid Respondent's portion of the fee

and now wish to be reimbursed, neither the record nor pleadings states this.[2] See

Am. Flooring Concepts, 2018 WL 4863651, at *4.

Based on the record before the Court, each party is responsible for half of

the Arbitrator's fee. At most, Petitioners would be entitled to the amount it paid on

behalf of Respondent, but Petitioners have not alleged or presented evidence that

they paid Respondent's half of the fee. Rather, Petitioner requests that Respondent

be ordered to pay the entire $600 Arbitrator's fee to Petitioner, with no explanation

as to why Petitioner is entitled to collect a fee owed to the Arbitrator on the

Arbitrator's behalf. In light of this, it is respectfully recommended that the District

Court deny Petitioner's request for $600 in arbitration costs.

---

[2] The Arbitrator may have instead initiated a collection action to recover the unpaid
half of the arbitration fee from Respondent. See New York City Dist. Council of
Carpenters v. Trinity Phoenix Constr. Corp., No. 17 Civ. 609 (DLI) (SJB), 2018
WL 1521862, at *6 (E.D.N.Y. Jan. 10, 2018) ("To the extent an arbitrator seeks to
recover fees from [respondent], then an arbitrator could initiate any collection
action or other proceeding . . . .). Indeed, the provision of the CBA stating that
arbitration costs were to be split evenly between the parties gave the Arbitrator the
right to collect from Respondent. See Raff v. Maggio, 734 F. Supp. 592, 594
(E.D.N.Y. 1990) (holding that a CBA which made "each party liable for half of the
fees and costs" provided an arbitrator grounds for an action for "the collection of
his fee").

## IV.    Attorneys' Fees For The Arbitration Proceeding And The Petition

Petitioners previously claimed that the Award granted $1,500 in attorneys'

fees to Petitioners, see ECF No. 1 ¶ 22, but they have since acknowledged in their

supplemental letter that this amount is not reflected in the text of the Award itself,

see ECF No. 14.  Petitioners have withdrawn their request for attorneys' fees for

the arbitration proceedings.  See ECF No. 14.  Petitioners also stated in their

supplemental letter that they do not seek attorneys' fees for the filing of the

Petition.  See id.  Accordingly, it is respectfully recommended that the judgment

not include attorneys' fees for either the arbitration proceeding or litigating the

Petition.

## V.    Costs Of The Petition

Where a party "refuses to abide by an arbitrator's decision without

justification, . . . costs may properly be awarded."  Int'l Chemical Workers Union,

Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)

(quotations omitted); see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund

v. Alliance Workroom Corp., No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6

(S.D.N.Y. Dec. 11, 2013) (awarding costs for petition brought to enforce an

ERISA arbitration award).  The basis for granting costs rests with ERISA, under

which "the court in its discretion may allow . . . costs of action to either party."  29

U.S.C. § 1132(g)(1).  Courts often grant requests for costs.  See N.Y.C. Dist.

Council of Carpenters v. Trs. of N.Y.C. Dist. Council of Carpenters Welfare Fund, No. 16 Civ. 3429 (ARR) (ST), 2018 WL 3768586, at *9 (E.D.N.Y. July 23, 2018) (finding that filing fees, service of process fees and the "processing fee with the New York Secretary of State" are reasonable costs that the plaintiff may recover), report & recommendation adopted, 2018 WL 3785331 (E.D.N.Y. Aug. 8, 2018); Gesualdi v. Scara-Mix, Inc., No. 14 Civ. 765 (JS) (AKT), 2017 WL 5564673, at *10 (E.D.N.Y. Nov. 17, 2017) (noting that "courts in this district routinely award . . . the filing fee, expenses associated with service of process, postage, and PACER fees").

Petitioners seek reimbursement of $472 in costs, consisting of $402 for the filing of the Petition and $70 for service of process. See ECF Nos. 10-2 ¶¶ 34-35, 10-8 at 2. The Court takes judicial notice of the $402 filing fee in this district. See Finkel v. J&H Elec. Contracting, Inc., No. 22 Civ. 4293 (MKB), 2023 WL 3948752, at *7 (E.D.N.Y. June 12, 2023) (taking judicial notice of the $402 filing fee for a Petition to confirm an arbitration award). As for the $70 service of process cost, Petitioners have provided a receipt confirming that amount. See ECF No. 10-6.

Accordingly, it is respectfully recommended that Petitioner's request for $472 in costs be granted.

## VI.   Prejudgment Interest

The basis for awarding prejudgment interest is found in ERISA, which provides that "the court shall award . . . interest on unpaid contributions[.]"  29 U.S.C. § 1132(g)(2)(B).  "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan . . . ."  29 U.S.C. § 1132(g)(2).  Here, the parties' trust agreements, as incorporated into the CBA, provide that Petitioners have the right to require interest on delinquent payments in the amount of 18% per annum or 1.5% per month.  <u>See</u> ECF No. 1-3 at 2, 14.  Accordingly, the Award granted Petitioners interest at the rate of 1.5% per month "until all payments are received."[3]  ECF No. 1-1 at 3.

Petitioners calculate that, from the date of the Award through August 31, 2023, the total accrued interest on the unpaid contributions is $2,315.61, and request an award of prejudgment interest in this amount.  <u>See</u> ECF Nos. 14. Petitioners provide a declaration from their accountant, <u>see</u> ECF No. 14-1, and a spreadsheet detailing the accountant's calculations, <u>see</u> ECF No. 14-2, to support this total.  Given that the Arbitrator acted within the authority of the CBA in awarding interest and the aforementioned lack of fraud or dishonesty in the record, there is no reason to disturb the Award with regards to prejudgment interest.  <u>See</u>

---

[3] The Award already included prejudgment interest accrued through the date of the Award.  <u>See</u> ECF No. 1-1 at 3.

Harry Hoffman Printing, 950 F.2d at 97.  Accordingly, the Court respectfully recommends that the Award of prejudgment interest be confirmed and the judgment include interest in the amount of $2,315.61.

## VII.  Conclusion

For the foregoing reasons, the Court respectfully recommends that 1) the arbitration Award of $15,949.30 be confirmed; 2) Petitioners' request for $600 in arbitration costs be denied; 3) Petitioners' request for $472 in costs for the Petition be granted; 4) Petitioner's request for $2,315.61 in prejudgment interest be granted; and 5) judgment in the amount of $18,736.91 be entered in favor of Petitioner and against Respondent.  As noted above, Petitioners have withdrawn their request for $1,500 in attorneys' fees from the arbitration proceeding and do not seek attorneys' fees for the Petition.

## VIII.  Objections

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections.  Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v.

Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).  The Court will mail copies of this report and recommendation to Airtech NYC-LI, Inc., 7014 13th Ave., Suite 202, Brooklyn, NY 11228; and Airtech NYC-LI, Inc. 1657 East Forks Rd., Bay Shore, NY 11706.

Dated:      Brooklyn, New York
            September 1, 2023

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge